WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Jose J. Rodriguez,                    )
                                      )
            Petitioner,               )
                                      )
            v.                        )    CV 04-2808 PHX FJM (VAM)
                                      )
Deputy Warden Tucker, et al.,         )    ORDER
                                      )
            Respondents.              )
_____ )

        Pending before the Court is petitioner's Motion for
Appointment of Counsel.  (Doc. 13).

        In a previous order, the Court noted that petitioner claims
he needs counsel at least in part, due to his allegation he is
mentally retarded and has an IQ of only 58.  (See Doc. 13).  The
Court, noting that "[i]f petitioner is mentally retarded it may be
necessary to appoint counsel if his habeas petition appears to
have merit," ordered respondents to file a response to the motion.
(Doc. 16 at pp. 2-3).

        After being granted extensions of time, respondents filed a
response on December 29, 2005, and this matter is ready for
disposition.  (Doc. 23).

**I. Law Generally**

        Indigent prisoners seeking habeas corpus relief are not
entitled to appointed counsel unless the circumstances indicate

that counsel is necessary to prevent due process violations.
Bonin v. Vasquez, 999 F.2d 425, 428 (9th Cir. 1993); Chaney v.
Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S.
1023 (1987).  The Court has discretion to appoint counsel when
"the interests of justice so require."  18 U.S.C. § 3006A(2)(B);
see also Bonin, 999 F.2d at 428-29 (explaining counsel should be
appointed in habeas cases only "when the case is so complex that
due process violations will occur absent the presence of
counsel").  Before appointment of counsel in a habeas proceeding
will be appropriate the Court "must evaluate the likelihood of
success on the merits as well as the ability of the petitioner to
articulate his claims pro se in light of the complexity of the
legal issues involved."  Weygandt v. Look, 718 F.2d 952, 954 (9th
Cir. 1983); see also Duckett v. Godinez, 67 F.3d 734, 750 (n. 8)
(9th Cir. 1995).

**II. Analysis of Petitioner's Request for Counsel**

In his motion, petitioner contends the interests of justice
require that he be appointed counsel in this matter because he is
mentally retarded with an IQ of 58 "and i don't know what i am
doing don't know how to write to[o] good at all i don't know why
they have me here in prison ..."  (Doc. 13).

In response, respondents oppose appointment of counsel.
They concede that experts testifying on petitioner's behalf at
sentencing testified his IQ was 58, but argue that, although
"proof of mild mental retardation is sufficiently established ....
the expanded state record now before the Court conclusively
refutes the one viable claim raised in the habeas corpus petition:

trial counsel's ineffectiveness in failing to inform the court and opposing counsel of prisoner's mental retardation and I.Q. of 58." (Doc. 23 at p. 3).  Respondents further contend weighing the likelihood of success and petitioner's ability to articulate his claims pro se remains the standard to evaluate whether appointment of counsel is warranted and that petitioner has not established either a likelihood of success or an inability to articulate his claims pro se.  (See id. at p. 4).  As a result, they argue the motion should be denied.

Weygandt and other cases make clear that the mere fact that petitioner's IQ is 58, without more, is not sufficient to establish entitlement to appointed counsel.  Rather, petitioner must demonstrate both an inability to articulate his claims pro se and a likelihood of success on the merits of his claims.  See Weygandt, 718 F.2d at 954; see also Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) and Agyeman v. Corrections Corporation of America, 390 F.3d 1101, 1103 (9th Cir. 2004) (Applying this standard in motions for appointment of counsel in civil rights actions pursuant to 28 U.S.C. § 1915(d)).  As noted in Wilborn, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel ..."  Wilborn, 789 F.2d at 1331.

Review of the facts in this case do not support appointing counsel.  Petitioner's low IQ alone, absent a showing of an inability to articulate his claims pro se and a showing of a likelihood of success on the merits, does not warrant appointment of counsel.  Review of his claims show that they are not complex

and petitioner has communicated them with sufficient clarity.

Petitioner's primary claim alleges his counsel was ineffective for not raising his mental competence as an issue during his trial (and presumably on appeal).  He also alleges that counsel failed to inform him "on most of my Court proceedings." (Doc. 1 at p. 5).  In addition, petitioner alleges that his conviction was obtained due to a failure by the prosecution to disclose evidence favorable to him.  (<u>Id.</u>).  Finally, Petitioner also asserts he was denied a fair trial.  (Doc. 1 at p. 6).

A preliminary review of the record does not indicate a likelihood of success on the merits of any of these claims.  Other than make assertions petitioner provides no convincing evidence. Moreover, petitioner did not properly exhaust any of his habeas claims in state court.  None of the claims were raised on direct appeal.  No copy of petitioner's <u>pro se</u> brief to the state trial court in support of his petition for post-conviction relief was included in the habeas record.  (<u>See</u> Doc. 19 at Exhibit R), Respondents state petitioner raised a claim in the Rule 32 alleging "his low intelligence interfered with his ability to assist appellate counsel."  (Doc. 19 at p. 4).  However, that issue is different than the claim raised in the habeas petition and petitioner never sought review of the trial court's denial of post-conviction relief in either the Arizona Court of Appeals or Arizona Supreme Court.  (<u>See</u> Doc. 1 at pp. 3 and 5; Doc. 19 at p. 4).

If petitioner believes his mental competency (or lack thereof) prevented him from properly raising and/or exhausting any

4

of his habeas claims in state court, this may be grounds for
returning to state court, seeking appointment of counsel to
present these claims, and presenting these claims, including, most
particularly, any claims based on his lack of competency to stand
trial, in a new post-conviction relief petition.  See
Ariz.R.Crim.P. 32.1(e) and (f); 32.4(a) (providing exceptions for
filing a second or successive petition for post-conviction
relief).  In any event, petitioner must first exhaust his habeas
claims in state court.  His failure to do so means he has no
chance of prevailing on such claims when raised for the first time
in a federal habeas corpus petition.  For these reasons,
appointment of counsel in this matter is unwarranted and will not
serve the interests of justice.

    **IT IS THEREFORE ORDERED** that petitioner's Motion for
Appointment of Counsel (Doc. 13) is denied without prejudice.

    DATED this 25th day of January, 2006.

_Virginia A. Mathis_
Virginia A. Mathis
United States Magistrate Judge

5