IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose J. Rodriguez,              )<br>                                 )<br>         Petitioner,            )<br>                                 )<br>    v.                           )<br>                                 )<br>Deputy Warden Tucker, et al.,   )<br>                                 )<br>         Respondents.           ) | CV 04-2808 PHX FJM (VAM)<br><br>REPORT AND RECOMMENDATION |

TO THE HONORABLE FREDERICK J. MARTONE, U.S. DISTRICT JUDGE.

   Jose J. Rodriguez ("petitioner") filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner raises two grounds for relief in the petition.  (Doc. 1). Respondents filed an answer opposing the granting of habeas relief and, subsequently, an amended answer.  (Docs. 17 and 19).

**BACKGROUND**

   On October 31, 2000, petitioner was found guilty of felony murder, armed robbery, attempted armed robbery, aggravated assault, and unlawful flight in Maricopa County Superior Court. (Doc. 19 at Exhibit F).  On February 1, 2002, petitioner was sentenced to concurrent 15-year prison terms for the aggravated assault and attempted armed robbery convictions, and a consecutive natural life sentence on the felony murder charge to be served concurrently with a 21-year prison sentence on the armed robbery

charge and a 6-year sentence on the unlawful flight charge.  (Doc. 19 at Exhibit H).

    Petitioner appealed his sentences raising the following issues:

> 1. Should Count 3 [felony murder] be remanded for resentencing because the court erred when it found that the State proved the aggravating factor of pecuniary gain?
>
> 2. Should Count 3 be remanded for resentencing because the maximum sentence for that count was unconstitutional in this case, and the court sentenced [petitioner] to what it believed was an intermediate sentence, which was actually the maximum constitutional sentence here?

(Doc. 19, Exhibit I at p. 1).  In an order filed on February 25, 2003, the Arizona Court of Appeals affirmed petitioner's convictions and sentences.  (Id. at Exhibit E).  On August 13, 2003, the Arizona Supreme Court denied a petition for review without comment.  (Id. at Exhibit L).

    On October 1, 2003, petitioner filed a Notice of Post-Conviction Relief.  (Doc. 19 at Exhibit M).  The state appointed counsel but counsel moved to withdraw noting petitioner intended to raise claims of ineffective assistance of counsel against the office in which she worked.  (Id. at Exhibit O).  On November 24, 2003, the court appointed attorney Kerrie Droban to represent petitioner.  (Id. at Exhibit P).

    On January 13, 2004, Droban submitted a Notice of Completion of Post Conviction Review pursuant to Ariz.R.Crim.P. 32.1 stating "she is unable to find a tenable issue to submit to the court ..." (Doc. 19 at Exhibit Q).  Petitioner was provided the opportunity to submit a pro se post-conviction relief petition and he filed

2

such a petition. (<u>Id.</u> at Exhibit R). Although no copy of the brief is included in the habeas record, respondents state that petitioner raised a claim alleging "his low intelligence interfered with his ability to assist appellate counsel." (Doc. 19 at p. 4). Finding "no cognizable legal issue" and "no colorable claim of inadequate trial or appellate counsel," the trial court dismissed the Rule 32 petition on May 3, 2004. (Doc. 19 at Exhibit S). Petitioner did not seek further review in the appellate courts. (<u>See</u> Doc. 1 at pp. 2, 3, 5; Doc. 19 at p. 4).

Petitioner then filed a federal habeas corpus petition raising the following grounds:

**GROUND I**: Amendment VI

My assined [sic] court apointed [sic] attorny [sic] faile[d] to notify me on most of my court [proceedings]. Also he failed to let the court an opposing council [sic] know of my mental health. During trial I was diagnosed partly metaly [sic] retirdation [sic]. Would like to notify courts about this. I feel my attorney did not reprisent [sic] me to his ful[l] ability; also have a I.Q. of 58.

Conviction obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the defendant.

**GROUND II**: Amendment V

Right to a fair trial.

## DISCUSSION

Respondents contend that all claims raised by petitioner in the habeas petition were not properly exhausted in state court and are now procedurally barred from consideration on federal habeas corpus review.

Pursuant to 28 U.S.C. § 2254(d), the following standard for

granting a federal habeas petition originating from a state court conviction applies:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable interpretation of the facts in light of the evidence presented in the State court proceedings.

The Act also codifies a presumption of correctness of state court findings of fact. 28 U.S.C. § 2254(e)(1) states that "a determination of a factual issue made by a State court shall be presumed to be correct" and the petitioner has the burden of proof to rebut the presumption by "clear and convincing evidence." As discussed more fully below, these provisions of the Act set the standard for the Court's evaluation of the merits.

The Act limits the district court's discretion to hold evidentiary hearings. 28 U.S.C. § 2254(e)(2) states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient

4

>     to establish by clear and convincing evidence that but
>     for constitutional error, no reasonable factfinder
>     would have found the applicant guilty of the underlying
>     offense.

A petition may be denied on the merits even though it contains unexhausted claims, and the state does not waive exhaustion except by an express waiver on the record.  28 U.S.C. §2254(b)(2) and (3).

**B. Exhaustion and Procedural Default**

   1. Law Generally

A federal court has authority to review a federal constitutional claim presented by a state prisoner if available state remedies have been exhausted.  Duckworth v. Serrano, 454 U.S. 1, 3 (1981)(per curiam); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991).  The exhaustion doctrine, first developed in case law and codified at 28 U.S.C. § 2254, now states:

>     (b)(1) An application for a writ of habeas corpus on
>     behalf of a person in custody pursuant to the judgment
>     of a State court shall not be granted unless it appears
>     that--
>
>        (A) the applicant has exhausted the remedies
>     available in the courts of the State; or
>
>        (B)(i) there is an absence of available state
>     corrective process; or
>
>        (ii) circumstances exist that render such process
>     ineffective to protect the rights of the applicant.
>
>                        .......
>
>     (c) An applicant shall not be deemed to have exhausted
>     the remedies available in the courts of the State,
>     within the meaning of this section, if he has the right
>     under the law of the State to raise, by any available
>     procedure, the question presented.

The exhaustion requirement can be satisfied in one of two

ways.  First, a petitioner can fairly present his or her claims to the Arizona Court of Appeals by properly pursuing them through either the state's direct appeal process or through appropriate post-conviction relief.  See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999).  Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court.  This is true even where alternative avenues of reviewing constitutional issues are still available in state court.  Brown v. Easter, 68 F.3d 1209, 1211 (9th Cir. 1995); Turner v. Compoy, 827 F.2d 526, 528 (9th Cir. 1987), cert. denied, 489 U.S. 1059 (1989).

Claims presented in habeas petitions are considered exhausted if they have been ruled upon by the Arizona Court of Appeals.  However, if the sentence received is life imprisonment, the claims must be presented to the Arizona Supreme Court.  Swoopes, 196 F.3d at 1010.  Although a federal habeas petitioner may reformulate somewhat the claims made in state court, Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir. 1986), rev'd in part on other grounds by Duncan v. Henry, 513 U.S. 364 1995), the substance of the federal claim must have been "fairly presented" in state court.  Anderson v. Harless, 459 U.S. 4, 6 (1982)(per curiam); Picard v. Connor, 404 U.S. 270, 278 (1971).  While the petitioner need not recite "book and verse on the federal constitution," Picard, 404 U.S. at 277-78 (quoting Daugherty v. Gladden, 257 F.2d 750, 758 (9th Cir. 1958)), it is not enough that all the facts necessary to support the federal claim were before the state courts or that a "somewhat similar state law claim was

made."  Anderson, 459 U.S. at 6.

As an alternative to presenting his claims to the highest state court, a petitioner can satisfy the exhaustion requirement by demonstrating that no state remedies remained available at the time the federal habeas petition was filed.  Engle v. Isaac, 456 U.S. 107, 125 (n. 28)(1982); White v. Lewis, 874 F.2d 599, 602 (9th Cir. 1989).  However, this path is fraught with danger:

> If state remedies are not available because the petitioner failed to comply with state procedures and thereby prevented the highest state court from reaching the merits of his claim, then a federal court may refuse to reach the merits of that claim as a matter of comity.

Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988); see also Swoopes, 196 F.3d at 1010 (determining that the exhaustion requirement is satisfied if a petitioner presented a claim to the Arizona Court of Appeals either on direct review or via a petition for post-conviction relief).  This failure to comply with reasonable state procedures is usually characterized as "procedural default," "procedural bar," or a "waiver."  As discussed, exhausting state remedies by means of a procedural default is risky.  The burden is on the petitioner to show that he or she has properly exhausted each claim.  Dismissal of the petition is proper when the record does not show that the exhaustion requirement is met.  Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981)(per curiam), cert. denied, 455 U.S. 1023 (1982).  If the unavailability of state remedies is in no way the fault of the petitioner or his or her counsel, the exhaustion requirement will likely be satisfied and a federal court may reach

the merits of the petitioner's habeas claims.

In many cases, however, the lack of available state remedies is a direct result of the petitioner's failure to avail himself of the state remedies in a timely or procedurally correct manner. In such instances, the petitioner has procedurally defaulted, and may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default.[1] Reed v. Ross, 468 U.S. 1, 11 (1984); Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977); see also Teague v. Lane, 489 U.S. 288, 298 (1989); Tacho v. Martinez, 862 F.2d 1376, 1380 (9th Cir. 1988). "Cause" is the legitimate excuse for the default. Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). "Prejudice" is actual harm resulting from the alleged constitutional violation. Id.

"Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" Harmon v. Barton, 894 F.2d 1268, 1274 (11th Cir.)(quoting Reed, 468 U.S. at 13), cert. denied, 498 U.S. 832 (1990). The Supreme Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, (citation omitted), or that "some interference by officials," (citation omitted), made compliance impracticable, would constitute cause under this standard.

Murray v. Carrier, 477 U.S. 478, 488 (1986); see also Harmon, 894

---

[1] Appellate defaults are examined under the same standards that apply when a defendant fails to preserve a claim during trial. Smith v. Murray, 477 U.S. 527, 533 (1986).

1  F.2d at 1275; Allen v. Risley, 817 F.2d 68, 69 (9th Cir. 1987).
2  The standard is one of discretion intended to be flexible and
3  yielding to exceptional circumstances. Hughes v. Idaho State
4  Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986). The
5  "cause and prejudice" standard is equally applicable to pro se
6  litigants, Harmon, 894 F.2d at 1274; Hughes, 800 F.2d at 908,
7  whether literate and assisted by "jailhouse lawyers," Tacho, 862
8  F.2d at 1381; illiterate and unaided, Hughes, 800 F.2d at 909, or
9  non-English speaking. Vasquez v. Lockhart, 867 F.2d 1056, 1058
10 (9th Cir. 1988), cert. denied, 490 U.S. 1100 (1989).

     Finally, if a claim has been found to be procedurally defaulted, the failure to establish cause for the default may be excused under exceptional circumstances. For instance:

> ... in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of showing cause for the procedural default.

Murray, 477 U.S. at 496; see also Schlup v. Delo, 513 U.S. 298, 327 (1995)(to meet the Murray standard, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence").

### 2. Application to the Facts of Petitioner's Case

     Review of the habeas record reveals that all of the claims raised by petitioner were not properly exhausted in state court. None of petitioner's habeas claims were raised on appeal. Although a copy of petitioner's brief in support of his Rule 32 petition filed in the trial court is not included in the record, whatever claims were raised in that petition were not properly

9

exhausted because petitioner did not seek review of the trial court's dismissal of the petition in either the Arizona Court of Appeals or Arizona Supreme Court. (Doc. 1 at pp. 3, 5; Doc. 19 at p. 4). As a result, petitioner's habeas claims have not been properly exhausted in state court.

Petitioner claims he has an IQ of 58 and this contention is supported by the findings of the state trial court after taking evidence on whether petitioner was a proper candidate for imposition of the death penalty. (Doc. 1 at p. 5; Doc. 19, Exhibit Z at pp. 6-15). In light of those findings and the state trial court's conclusion that petitioner is "mildly" mentally retarded, petitioner's failure to properly exhaust his habeas claims in state court may not be his fault and, if so, the Court cannot conclude with any degree of certainty that he has no remaining state remedies with respect to his habeas claims. Petitioner may still be able to present these claims in state court by initiating a second Rule 32 petition (and seeking appointment of counsel to aid him in this effort), particularly a petition raising a claim concerning his mental competency to stand trial or a claim challenging the effectiveness of his trial and/or appellate counsel for failing to advance such a claim. See Ariz.R.Crim.P. 32.4(a) and 32.2(b) (providing that pursuant to Ariz.R.Crim.P. 32.1(f) an applicant may file an untimely or successive Rule 32 petition predicated on the notion that his failure to properly exhaust claims on appeal or in a prior Rule 32 petition were due to factors which are not his fault).

Because petitioner may still have state remedies available

to him, the interests of comity require that the state courts be given the first opportunity (including appellate review) to address any issues concerning the validity of his convictions in light of his claim of a lack of mental competency, as well as any other claims petitioner may not have properly exhausted due to his mental condition. The record indicates that the state courts (particularly at the appellate level) have not been given the opportunity to squarely address these issues. As a result, the petition should be dismissed for failure to exhaust. See White v. Lewis, 874 F.2d 599, 602 (9th Cir. 1989) ("Dismissal of a federal habeas petition for failure to exhaust is appropriate only if the prisoner had a currently available state remedy at the time of the federal petition.").

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus be dismissed.

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal filed pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's order and judgment. The parties shall have ten (10) days from the date of service of this Report and Recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver

of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's Report and Recommendation.

DATED this 27th day of January, 2006.

                               /s/ Virginia A. Mathis
                               Virginia A. Mathis
                               United States Magistrate Judge